UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHRYN V. SANDERS,

                    Plaintiff,

                                                    Case number 05-72760
v.                                                  Honorable Julian Abele Cook, Jr.

KAREN R. HANSON,

                    Defendant.
_____

ORDER

On June 16, 2005, the Plaintiff, Cathryn V. Sanders, filed a Complaint in the Genesee County Circuit Court of Michigan, in which she accused the Defendant, Karen R. Hanson, Assistant Genesee County Prosecutor, of (1) violating her rights under the 14th Amendment of the United States Constitution and Article 10, Section 2 of the Michigan Constitution, (2) encumbering her property interests by recording a document without a lawful cause and with an intent to harass or intimidate, and (3) libel.

On July 12, 2005, the Clerk of the Genesee County Circuit Court entered a default against Hanson in this case, noting that she had failed or neglected to file any responsive pleading or take any action to defend herself within the authorized period of time. One day later (July 13, 2005), Hanson removed this action from the state court to this federal court pursuant to 28 U.S.C. § 1441. Hanson subsequently filed a "Motion to Set Aside Default," in which she requested this Court to the default that had been entered in the state court on July 12, 2005.  For the reasons stated below, the Court will grant the Defendant's motion to set aside the default.

I.

Section 1450 of Title 28 of the United States Code provides in pertinent part:

> Whenever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

*See also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974).

A party, against whom a default judgment has been entered, may petition the court to set aside the adverse action for good cause, and upon a showing of a mistake, or any other just reason. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352-53 (6th Cir. 2003). Under Fed.R.Civ.P. 55© ), the Court enjoys broad discretion under this "good cause" standard to grant relief from an entry of default to a defendant. *See United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir.1999). As such, courts are encouraged to determine if (1) the default was willful, (2) a set-aside directive would prejudice the plaintiff, and (3) the alleged defense was meritorious. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). "[A] district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distributing, Inc.*, 340 F.3d at 353. Finally, the Sixth Circuit Court of Appeals has opined that "[t]rials on the merits are favored in the federal courts[.]" *See Berthelsen*, 907 F.2d at 620.

II.

Here, with regard to the prejudicial effects of setting aside the default, the Court concludes

2

that Sanders would not be prejudiced if Hanson's motion is granted.  For instance, Sanders has not

set forth any evidence which would suggest that any discovery that she may undertake in this action

would be increasingly more difficult if the clerk's entry of default was set aside.  The *Berthelsen*

court also  noted that in order "[t]o establish prejudice, the plaintiff must show that the delay will

result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud

and collusion." *Id*. at 621.

Moreover, in defending the allegations against her, Hanson has proffered the following

defenses:

> Plaintiff's property has not been forfeited, nor has a lien been placed on her property. Instead, the purpose of the document was to determine [the] interests in various properties in order to discover which properties would be subject to a lien. . . .
> Plaintiff's claim brought under the Michigan Constitution is also barred because Plaintiff is able to pursue other avenues for relief, and therefore cannot bring a cause of action under the constitution.  *Jones v. Powell*, 462 Mich. 329 (2000).
> Defendant is entitled to government immunity from Plaintiff's remaining claims because she was acting within the scope of her employment by filing the Notice of Interest with the Genesse County Register of Deeds.  Mich. Comp. L. 691.1407(2).
> . . . .
> The governmental immunity statutes define gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  Mich. Comp. L. 691.1407(2).  Defendant's conduct does not rise to the requisite level.
> . . . .
> [Finally,] [e]ven if the Notice could be deemed libelous, Defendant's filing was privileged as part of her duties and responsibilities as a prosecutor.

Def.'s Mot. Set Aside Default at 4-6.  In "resolv[ing] all ambiguous or disputed facts in the light

most favorable to the defendant," *id.* at 621, the Court is satisfied that Hanson has sufficiently

alleged a meritorious defense.[1]

III.

In summary, the Court concludes that (1) Sanders' interests in this case will not be prejudiced if the current motion is granted. Furthermore, the Court is satisfied that Hanson has alleged a meritorious defense against the claims herein. Accordingly,  Hanson's motion to set aside the default must be, and is, granted.

IT IS SO ORDERED.


Dated:      <u>March 29, 2006</u>                    <u>s/ Julian Abele Cook, Jr.</u>
            Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                                 United States District Judge



<u>Certificate of Service</u>

I hereby certify that on March 29, 2006,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                            <u>s/ Kay Alford</u>
                                            Courtroom Deputy Clerk


---

[1] In her response, Sanders has taken exception with Hanson's defenses.  However, Hanson need not established–only "alleged"–a meritorious defense to set aside an entry of default. *See United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983) (If the defendant "states a defense good at law, then a meritorious defense has been advanced.").