UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHRYN V. SANDERS,

        Plaintiff,

v.                                            Case No. 05-72760
                                             Honorable Julian Abele Cook, Jr.

KAREN R. HANSON,
Assistant Genesee County Prosecutor

        Defendant.

_____

ORDER

This case involves an accusation by the Plaintiff, Cathryn V. Sanders, that the Defendant, Karen R. Hanson, who is an Assistant Prosecutor in Genesee County, Michigan (1) violated "her rights under the 14th Amendment of the United States Constitution and Article 10, Section 2 of the Michigan Constitution," (2) encumbered "her property interests by recording a document without a lawful cause and with an intent to harass or intimidate," and (3) made false statements which were libelous in nature, all of which caused her to sustain damages. Although the Complaint in this litigation was initiated in the Genesee County Circuit Court of Michigan, Sanders caused the case to be removed to this federal court on July 13, 2005. Nearly one year later (April 25, 2006), Sanders filed a pleading that she identified as a "Motion to Amend Complaint Per March 20, 2006 Scheduling Conference."

In this pleading, Sanders wrote:

> 1. The court explained at the March 20, 2006 scheduling conference conducted in *Steffeny D. Linn v. Karen R. Hanson*, [a companion case]. . . that the conference was meant to also schedule the companion cases, *Cathryn V. Sanders v. Karen R. Hanson*, . . . and *Willie L. Pigee v. Karen R. Hanson* . . . .
> 2. While the *Linn v. Hanson* Scheduling Order allowed plaintiff to amend

her complaint, the Order makes no mention of leave to amend the *Pigee* and *Sanders* complaints too, though it was discussed at the March 20, 2006 scheduling conference.

Hanson, in her response, asserted that "[t]he Court did not, concurrently, schedule a Pretrial Scheduling Conference for either the *Sanders* or the *Pigee* cases." Nevertheless, she expressed her willingness to "rely upon the decision of the Court to determine if, and to what extend, [Sanders'] proposed amended complaint should be granted or not. Once that decision is made by this Court, [she] will respond in the appropriate manner."

In its evaluation of this motion, the Court turns to Fed. R. Civ. P. 15(a), which indicates, in essence, that a pleading may be amended "at any time before a responsive pleading is served. . . . Otherwise a party may amend [a pleading] only by leave of court or by written consent of the adverse party." Moreover, the Federal Rules of Civil Procedure provide that a motion for leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)  According to the Sixth Circuit Court of Appeals, decisions as to whether the ends of justice warrant the granting of an amendment are left to the sound discretion of the trial judge. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991).

Having examined the pleadings in this litigation, the Court concludes that (1) Sanders has set forth a meritorious basis for her request, (2) she has not acted with any "undue delay, bad faith, or a dilatory motive" in filing this motion, and (3) Hanson will not sustain any substantial prejudice if this motion is granted. Therefore, Sanders' motion to amend her Complaint is granted; provided, however, that she shall file her Amended Complaint within a period of fourteen (14) days from the

date of this Order. Should she fail, refuse or neglect to comply with this directive within the designated period of time, this motion will be automatically denied.

    IT IS SO ORDERED.


Dated: June 9, 2006                              s/ Julian Abele Cook, Jr.
    Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                                 United States District Court Judge


                         Certificate of Service

    I hereby certify that on June 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                 s/ Kay Alford
                                                 Courtroom Deputy Clerk